CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB - 7 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| GARLAND ANDREW HORN, <br> Plaintiff, | Civil Action No. 7:07-cv-00546 |
| v. | **MEMORANDUM OPINION** |
| MR. JACK LEE, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Garland Andrew Horn, an inmate at the Pamunkey Regional Jail in Hanover, Virginia, brings this pro se action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff seeks damages in the amount of $77,000,000.00. Upon consideration of the complaint, I find that plaintiff's claims must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[1]

## I. BACKGROUND

Plaintiff's original complaint and documents submitted in support thereof include 90 handwritten, cryptic, disjointed, mostly illegible, and largely unintelligible pages. On November 30, 2007, the complaint was conditionally filed and plaintiff was directed to submit, inter alia, a particularized amended complaint sufficient to state a claim against the named defendants under § 1983. Plaintiff was explicitly advised that, pursuant to Fed. R. Civ. P. 8, he must state a "short and plain statement" of his claims against the named defendants; that "[t]he court is not obligated to pore through his scattershot complaint in search of a claim"; and that future pleadings should be single-sided, typed or written legibly in blue or black ink, within margins of at least one inch. Plaintiff was further advised that the court is aware that he presented these claims in a complaint filed in the

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

United States District Court for the Eastern District of Virginia, and that although his claims against the named defendants were dismissed by the Eastern District for want of venue, the facts in that complaint, which similarly failed to allege specific facts against the named defendants, were identical to the instant complaint, and the allegations of, <u>inter alia</u>, inadequate medical care and violations of his due process rights by transferring him to various jails between January and June, 2007, which plaintiff had stated in the earlier complaint in the Eastern District, were dismissed for failure to state a claim upon which relief may be granted. <u>See</u> <u>Horn v. Claueau, et al.</u>, Civil Action No. 1:07-cv-00669 (E.D. Va. August 20, 2007).

Thereafter, on December 12, 2007, plaintiff filed a similarly scattershot document, consisting of 14 handwritten pages, alleging that Dr. Quinones and Nurse Riley had conducted "fake" exams upon him and had not provided medical care in accordance with his wishes. Because plaintiff stated that he needed more time to submit additional grievance documentation, the court construed plaintiff's submission as a motion seeking an extension of time within which to comply with the conditional filing order, and the motion was granted. After plaintiff submitted appropriate financial information, an order was entered on January 15, 2008, directing plaintiff to consent to the withholding of the filing fee from his inmate account. On January 30, 2008, plaintiff filed a response alleging that defendants Lee and Reynold had violated his rights by transferring him to various jails not sufficiently close to Hanover, Virginia to suit plaintiff's wishes; plaintiff also stated that he had lost his consent form and that he needed another form and additional time within which to submit the form to the court.

## II. STANDARD OF REVIEW

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Whether a complaint states a claim upon which relief can be granted is determined by the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, a complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proved consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. ___, slip op. at 8 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically explained, id., slip op. at 18-24, that the Twombly analysis does not run counter to Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), or impose a heightened pleading standard); Teachers' Retirement System of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "a court may dismiss a complaint [for failure to state a claim upon which relief may be granted] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

When dismissing a complaint for failure to state a claim upon which relief may be granted, courts may consider exhibits attached to the complaint, and where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991); see also Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995).

Although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff

3

must nevertheless allege facts that state a cause of action. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that the duty to construe pro se complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers"). In this case, plaintiff has been warned that the court is not obliged to ferret through his complaint, searching for viable claims. See Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (although pro se complaint contained potentially viable claims, court properly dismissed without prejudice under Fed. R. Civ. P. 8 since voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); see also Spencer v. Hedges, 838 F.2d 1210 (Table) (4th Cir. 1988). In the context of Fed. R. Civ. P. 8, it is clear that plaintiffs must provide enough detail to illuminate the nature of the claim and allow defendants to respond. See Erickson v. Pardus, 551 U.S. ___, slip op. at 5 (2007); Twombly, 550 U.S. at ___, slip op. at 7-8.

### III. ANALYSIS

The most the court can glean from plaintiff's complaint and documents submitted in support thereof are the following claims: Reynolds and Lee violated his due process rights by transferring him to various jails, rather than keeping him close to home in Hanover; and Dr. Quinones and Nurse Riley administered medical care to him that was deficient.[2]

---

[2] To the extent plaintiff's claims of denial of access to the courts and a law library could be imputed against any of the named defendants, the claim fails because plaintiff does not demonstrate any injury arising
(continued...)

4

## A. TRANSFERS

It is well-settled that inmates do not have a constitutionally protected liberty interest in being housed at any particular institution. Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in any of its prisons"). Further, Virginia's prison housing assignment regulations do not create a liberty interest in a specific prison housing assignment and prison officials have broad discretion to determine the facility where an inmate is housed. Id.; see also Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991) (noting that prison officials should be granted broad discretion in managing prisons safely and effectively). Therefore, plaintiff's due process rights are not implicated by his routine housing assignment unless the conditions of his confinement diverge so substantially from expected prison conditions as to

---

²(...continued)
from the alleged denial. Inmates have a right to meaningful access to the courts, which "can be satisfied either by providing inmates with adequate law libraries or with adequate assistance from persons trained in the law." Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993) (citing Bounds v. Smith, 430 U.S. 817, 822 (1977)). To state a claim for denial of access to the courts, plaintiff must establish that the law library or legal assistance was inadequate and that plaintiff suffered an "actual injury or specific harm." Id. at 1084-85. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." Lewis v. Casey, 518 U.S. 343, 353-55 (1996). (adding that the right to access the court as stated in Bounds "does not guarantee [prisoners] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," that "[t]he tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement," and that "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration"). Plaintiff's claim fails, even assuming the denial of access to the law library was improper, because he has not alleged that he sustained an actual injury. Plaintiff does not allege that he was prevented from meeting any deadlines or otherwise prejudiced in any pending litigation. Accordingly, he fails to state a claim upon which relief may be granted under § 1983.

To the extent plaintiff's claims of denial of access to the inmate grievance system could be imputed against any of the named defendants, the claim fails because the Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. Id. Therefore, even if any of the defendants named in the instance complaint acted to deny plaintiff access to the prison grievance system, such an allegation does not state a claim under § 1983.

5

create an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Despite being given multiple opportunities to particularize and amend his complaint, plaintiff does not contend that the conditions at any of the facilities imposed an atypical and significant hardship on him in relation to the ordinary incidents of his life in prison. Thus, a liberty interest is not implicated and this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### B. DENIAL OF ADEQUATE MEDICAL CARE

On January 17, 2007, while being transferred within the Rappahanock Regional Jail, plaintiff suffered a broken jaw in an altercation with another inmate. Plaintiff was treated at a hospital and his jaw was temporarily wired shut while he awaited surgery; approximately one week later, he received surgery on his jaw, which involved the placement of two metal plates in his mandible and wiring his jaw shut for several weeks. His claims against Dr. Quinones and Nurse Riley, however, do not relate to that treatment; rather, he complains that, subsequent to his injuries, when he was transferred temporarily to Middle River Regional Jail, Dr. Quinones conducted a "fake examination" of him. He further alleges that both Dr. Quinones and Nurse Riley failed to provide him with adequate pain medication, failed to recommend that he see an off-site specialist, and failed to send him for an M.R.I.[3, 4]

---

[3] "M.R.I." refers to "magnetic resonance imaging," a process used in medical imaging to visualize the structure and function of the body. By measuring the levels of difference metabolites in body tissues, M.R.I. provides detailed images of the body in any plane and shows much greater soft tissue contrast than computed tomography (CT) making it especially useful in neurological, musculoskeletal, cardiovascular, and oncolological diseases. See http://en.wikipedia.org/wiki/Mri.

[4] Plaintiff asserts that these acts on the part of Dr. Quinones and Nurse Riley constitute "malicious tratment." In his view, he is "sure [he] need[s] surgery on [his] shoulders"; he "need[s] to be seen by a specialist . . . and have an M.R.I."; and he needs "reconstructive surgery on [his] jaw."

6

Prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. Estella v. Gamble, 429 U.S. 97, 104-05 (1976). However, in order to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105. An assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

Plaintiff has not stated a claim of deliberate indifference under the Eighth Amendment. The preceding factual allegations and plaintiff's submissions, which plaintiff had ample opportunity to amend and particularize, indicate that plaintiff received medical care, including examinations when he demanded them and pain medication as medical personnel determined appropriate. Plaintiff disagrees with the doctor's and the nurse's decisions regarding the proper course of treatment, which is insufficient to state a claim under the Eighth Amendment. See Wright, 766 F.2d at 849. Because plaintiff has failed to allege facts demonstrating deliberate indifference to a serious medical need, his complaint must be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.

7

## IV. Conclusion

For the foregoing reasons, the complaint will be dismissed.[5, 6] An appropriate order will be entered this day.

ENTER: This 7th day of February, 2008.

*Jackson L. Kiser*
Senior United States District Judge

---

[5] To the extent plaintiff believes the instant complaint may have stated a claim under state law, the court declines to exercise supplemental jurisdiction over any state law claim, pursuant to 28 U.S.C. § 1367(c).

[6] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

8